UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. STEVEN MATESKI,<br><br>      Plaintiff,<br><br>vs.<br><br>RAYTHEON COMPANY,<br><br>      Defendant. | Case No. CV 06-3614 ODW (KSx)<br><br>Assigned to: Hon. Otis. D. Wright II<br><br>**[PROPOSED]** **STIPULATED PROTECTIVE ORDER** |

**Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and based on the parties' Proposed Stipulated Protective Order ("Stipulation") filed on August 15, 2016, the terms of the protective order to which the parties have agreed are adopted as a protective order of this Court (which generally shall govern the pretrial phase of this action) except to the extent, as set forth below, that those terms have been modified by the Court's amendment of paragraphs 4, 5, 6, 7, 9, and 13 of the Stipulation.**

## AGREED TERMS OF THE PROTECTIVE ORDER AS ADOPTED AND MODIFIED BY THE COURT[1]

---

[1] The Court's additions to the agreed terms of the Protective Order are generally indicated in bold typeface, and the Court's deletions are indicated by lines through the text being deleted.

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.

1. <u>Good Cause Statement</u>

Fed. R. Civ. P. 26(c) requires parties to show good cause for the entry of a protective order by the Court. "[R]estraints placed on discovered, but not yet admitted, information are not a restriction on a traditionally public source of information." *Foltz v. State Farm Mutual Automobile Ins. Co.,* 331 F.3d 1122, 1134 (9th Cir. 2003). As a result, "[w]hile courts generally make a finding of good cause before issuing a protective order, a court need not do so where (as here) the parties stipulate to such an order." *In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 424 (9th Cir. 2011); *Foltz*, 331 F.3d at 1131 (noting a district court need not require a good cause showing for discovery documents not filed with the court "given the onerous burden document review entails"). In order to establish good cause for this protective order, to protect the public interest, and to allow for future judicial review or public challenges, the parties stipulate to the foundational facts and principles upon which documents and information in this action may be determined to be subject to this protective order, as set out below.

In addition to confidential, proprietary, or private information, this case may involve the following:

- information submitted to governmental and/or regulatory agencies that is exempt from public disclosure, *e.g.*, 5 U.S.C. § 552(b)(4), (6), (7)(A), (7)(B), (7)(C);
- information subject to the International Traffic in Arms Regulations, 22 C.F.R. 120 *et seq.*;

- information subject to the Export Administration Regulations, 15 C.F.R. §§ 730-74;
- information that the Designating Party is under a duty to preserve as confidential under an agreement with or other obligation to another person, *e.g.*, *Deckers Outdoor Corp. v. JLJ Footwear, Inc.*, 2:14-cv-00202-SVW-SS (C.D. Cal. 2014), Dkt. No. 23, pg. 2 (approving protective order applicable to "[i]nformation that the Party is under a duty to preserve as confidential under an agreement with or other obligation to another Person");
- personnel and employment information, *e.g.*, *Foltz*, 331 F.3d at 1134 (identifying "personnel information" as subject to protection); *Mardirossian v. Sears Holdings Man. Corp.*, 2:12-cv-08161-JAK-SS (C.D. Cal. 2012), Dkt. No. 23, pg. 2 (identifying "personnel files and other personnel-related information" as confidential); *Jefferson v. Boeing Co.*, 2:13-cv-04453-PSG-SS (C.D. Cal. 2013), Dkt. No. 18, pg. 2 (identifying "private personnel information of third party employees" as confidential); and/or
- information that, if subject to public disclosure, could expose individuals to annoyance, embarrassment, harassment, oppression or undue burden or expense, *e.g.*, Fed. R. Civ. P. 26(c)(1); *cf.* 11 U.S.C. § 107(c)(1)(A).[1]

Good cause exists because if such information was produced without a protective order in place, then, among other things, the privacy rights of third parties protected under constitutional, statutory, regulatory, and common law principles would be violated; third parties could be exposed to embarrassment, theft, fraud, or harassment; a Producing Party could be accused of breaching a statutory, regulatory, contractual, or common law duty to protect private and/or proprietary information

---

[1] By identifying these categories of information potentially subject to designation as Confidential Information, neither party waives any objections to discovery. *See infra* sections I.A.20.

from public disclosure; or competitors could unfairly leverage the time, money, and expertise invested by a Producing Party to develop non-public, proprietary information (such as business and marketing plans, research, pricing and sales information, technical designs, engineering solutions, best practices, and trade secrets), thereby irreparably injuring the Producing Party in the marketplace. Accordingly, to expedite the flow of information, but also adequately protect Confidential Information, a protective order is justified.

2. <u>Definitions</u>

The term "Protected Material" shall mean information or documents designated as "Confidential Information" and/or "EXPORT-CONTROL-RESTRICTED" information.

The term "Producing Party" means the party or non-party producing or disclosing documents or information that are designated as Protected Material under this Order.

The term "Receiving Party" shall mean the party or parties to whom Protected Material is produced or otherwise disclosed.

3. <u>Scope</u>

This Order shall be applicable to and govern all Protected Material produced, furnished, or created during the course of this Action, including any materials or information sought from a non-party who receives a subpoena in connection with this Action or otherwise produces materials or information in this Action. The Protected Material subject to this Order includes, but is not limited to, materials and information produced in response to requests for production of documents; answers to interrogatories; answers to requests for admission; responses to requests for production of documents; deposition testimony, exhibits, transcripts, and videotapes; all other discovery, pleadings, briefs, memoranda, affidavits, transcripts; and other materials furnished by or on behalf of any party to this Action. Any summary,

4

[PROPOSED] STIPULATED PROTECTIVE ORDER

analysis, description, compilation, notes, excerpt, copy, electronic image or database containing Protected Material shall be subject to the terms of this Order to the same extent as the material or information from which such summary, analysis, description, compilation, notes, excerpt, copy, electronic image, or database is made or derived.

This Order applies to all Protected Material produced in this Action, regardless of whether such document or information was produced prior to or after entry of this Order.

In the event that non-parties produce Protected Material in connection with this Action, the production may be made subject to the provisions of this Order, including because a Party may designate material produced by non-parties as Protected Material. As necessary and appropriate to uphold the terms of this Order, the existence of this Order may be disclosed to any person (including any non-party served with a subpoena in this action) producing Protected Material in this Action.

Nothing in this Order is intended to conflict with the applicable Local Rules. Insofar as anything in this Order could be interpreted as conflicting with the applicable Local Rules, the Local Rules will govern.  Any use of Protected Material during a court hearing or at trial shall be governed by the orders of the presiding judge.

4.   Confidential Information

Any party or non-party may designate information, documents, or **deposition** testimony produced in this Action as "Confidential Information" if such party has the reasonable and good faith belief that such information is non-public and constitutes her, his, or its trade secret, other confidential information within the meaning of Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure, or is otherwise protected from public disclosure as contemplated by this Order.  This includes but is not limited to confidential research, development, or commercial information (as those terms are used in Fed. R. Civ. P. 26(c)), and personal medical information, private personal

1 information, employment information, health information, and tax returns.

2 Any information supplied in documentary or other tangible form may be
3 designated by the Producing Party as Confidential Information by marking or
4 stamping on each page of such document, transcript, or exhibit, or on the face of such
5 thing, the legend "CONFIDENTIAL" or "CONFIDENTIAL INFORMATION."
6 Where such marking of material is impossible or impractical (such as groups of
7 documents in native form), the Producing Party shall designate in writing, at the time
8 of its production, that the material contains Confidential Information. Information
9 produced by a non-party but subsequently designated as confidential by a party to the
10 Action shall be treated as Confidential Information, and the recipients shall either
11 mark their copies as "CONFIDENTIAL" or "CONFIDENTIAL INFORMATION" or
12 request that the Producing Party provide a replacement set so marked.

13      5.     <u>Export-Control-Restricted Information</u>

14 "EXPORT-CONTROL-RESTRICTED" documents, information, material, and
15 **deposition** testimony may not be exported, reexported, temporarily imported,
16 transferred, or retransferred to any non-U.S. person, country, or entity, by any means,
17 without the appropriate approval of the U.S. Department of State, Directorate of
18 Defense Trade Controls ("DDTC") for International Traffic in Arms Regulations
19 ("ITAR") Restricted materials, and the U.S. Department of Commerce, Bureau of
20 Industry and Security ("BIS") for Export Administration Regulations ("EAR")
21 Restricted materials. These restrictions also apply to United States citizens and
22 permanent residents employed by a company or organization that falls within the
23 definition of "foreign person." *See* ITAR, 22 C.F.R. § 120.16. United States persons
24 employed by such a foreign organization or company are not eligible to receive ITAR-
25 controlled information absent an authorization from the DDTC or EAR-controlled
26 information absent an authorization from the BIS.

27 In any instance where information designated as EXPORT-CONTROL-
28

RESTRICTED is accessed, the person with such access shall not transfer, carry, or send such information to a location outside the United States, including via any electronic device or means, nor otherwise share such information with any person not explicitly authorized to receive such information as set forth above.

EXPORT-CONTROL-RESTRICTED documents **and material** related to this case containing technical data under the ITAR or EAR must be protected from export or transfer to unauthorized foreign persons, whether located inside or outside of the United States, including any foreign persons (as defined under these export control regimes) that may be employed by law firms, consultants, or any other third party involved in this dispute.  Additionally, the furnishing of technical assistance (including the disclosure or release of export-controlled technical data) may constitute a "defense service," which also requires approval.  Any disclosure of produced export-controlled technical data, or furnishing of technical assistance where an authorization is needed but not secured, constitutes an export violation, which should be disclosed to the U.S. Department of State.

Counsel will take all necessary steps to ensure that any EXPORT-CONTROL-RESTRICTED documents and information will only be provided to, or accessible by, U.S. persons serving as expert or fact witnesses, or acting on behalf of Counsel as employees, contractors, vendors, or other service providers on a need to know basis. Additionally, Counsel will take all necessary steps to ensure access to these documents will be restricted to U.S. persons (as defined by ITAR § 120.15), that these documents will not be exported to foreign persons or foreign countries, and that no technical assistance directly related to controlled defense articles or other commodities will be provided to foreign persons or foreign countries.  Counsel will securely maintain EXPORT-CONTROL-RESTRICTED documents in a password-protected online repository accessible only to U.S. Persons, minimize printing and hard copy storage of EXPORT-CONTROL-RESTRICTED documents, and maintain any print

copies in marked folders that are, when unattended, stored in locked cabinets and/or offices to which only U.S. persons have access.

Any party or non-party may designate information, documents, or **deposition** testimony produced in this Action as "EXPORT-CONTROL-RESTRICTED" if such party has the reasonable and good faith belief that such information, documents, or testimony may contain ITAR or EAR restricted materials. Any information supplied in documentary or other tangible form may be designated EXPORT-CONTROL-RESTRICTED by the Producing Party by marking or stamping on each page of such document, transcript, or exhibit, or on the face of such thing, the legend "EXPORT-CONTROL-RESTRICTED." So long as it is consistent with applicable regulations, where such marking of material is impossible or impractical, the Producing Party shall designate in writing, at the time of its production, that the material contains EXPORT-CONTROL-RESTRICTED. Information produced by any party or non-party but subsequently designated as EXPORT-CONTROL-RESTRICTED by a party to the Action shall be treated as EXPORT-CONTROL-RESTRICTED information, and the recipients shall either mark their copies as "EXPORT-CONTROL-RESTRICTED" or request that the Producing Party provide a replacement set so marked.

6. Use of Information

All information or documents disclosed in this Action, whether or not containing Protected Material, shall be used solely for purposes of this Action and not in connection with any other litigation or judicial or regulatory proceeding or for any business, commercial, competitive, personal or other purpose. **However, nothing in this Protective Order should be construed as authorizing a Receiving Party in this action to disobey a lawful directive from another court.**

7. Restrictions on the Disclosure of Protected Material

Protected Material shall be maintained in confidence pursuant to this Order and any applicable statutes or regulations, and shall be disclosed only to the following

8

persons:

  a. Counsel and in-house counsel for the parties, as well as their paralegal, investigative, technical, secretarial, and clerical personnel who are engaged in assisting them in the Action;

  b. Officers and employees of the named parties, but only insofar as reasonably necessary for the prosecution and defense of the Action;

  c. Non-party experts or consultants retained in good faith to assist the parties in connection with the Action, provided that prior to the time that any such expert or consultant is given access to Protected Material, such person is provided with a copy of this Stipulated Protective Order, such expert or consultant shall execute an undertaking in the form of Exhibit A hereto agreeing to be bound by this Stipulated Protective Order, which undertaking shall be retained by counsel for the party who engaged such expert or consultant, and, to the extent applicable, such person is permitted access consistent with ITAR and EAR;

  d. Any witness or potential witness and counsel for that witness or potential witness.  If the witness or potential witness is neither currently employed by the Producing Party nor an expert witness covered by subparagraph c above, the Protected Material may be disclosed to the witness or potential witness only if the Protected Material is relevant to the Action and to the person's knowledge and potential testimony, and provided that, prior to the time that any such witness or potential witness is given access to Protected Material, such person is provided with a copy of this Stipulated Protective Order and (i) such person executes an undertaking in the

[PROPOSED] STIPULATED PROTECTIVE ORDER

form of Exhibit A hereto agreeing to be bound by this Stipulated Protective Order or, if the witness or potential witness refuses to executes the undertaking, (ii) counsel giving access to Protected Material advises the witness or potential witness of the provisions of this Stipulated Protective Order and prevents such witness or potential witness from retaining possession of any Protected Material, and (iii) to the extent applicable, such person is permitted access consistent with ITAR and EAR;

e. Court reporters, stenographers or video operators at depositions, court or arbitral proceedings at which Protected Material is disclosed, provided that, to the extent applicable, any such person is permitted access consistent with ITAR and EAR;

f. Any persons requested by counsel to furnish services such as a mock trial or jury profiling; translation or court reporting services; demonstrative exhibit preparation; the creation of any computer database from documents; or the production, reproduction, organizing, filing, coding, cataloging, converting, storing, retrieving and review of Protected Material, to the extent reasonably necessary to assist the parties in connection with the Action, provided that, to the extent applicable, any such person is permitted access consistent with ITAR and EAR; and

g. Any other person designated by the Court, upon such terms as the Court may deem proper, or agreed to by written stipulation of the parties; **and**

h. **The Court and its personnel.**

Counsel is responsible for ensuring that those persons identified in subsections (c), (f) and (g) of this section are aware of the terms and conditions of this Stipulated

10

Protective Order, and for complying with ITAR and EAR, including by obtaining a signed Confidentiality Agreement in the form attached as Exhibit A.

If any person wishes to submit any Protected Material to the Court, the person shall, unless directed by the Court to do otherwise, comply with Local Rule 79-5, including any procedures adopted under the Pilot Project for the Electronic Submission and Filing of Under Seal Documents.  If a person's request to maintain a submission containing Protected Material under seal is denied as to one or more submissions, and the person does not seek reconsideration under the applicable Local Rules or otherwise appeal the denial, then those submissions may be placed in the public record.

8. <u>Procedure for Designating Deposition Testimony</u>

In the event that any question is asked at a deposition that involves or calls for the disclosure of Protected Material, the witness shall nevertheless answer such question unless he or she has an independent basis for not responding, provided that the only persons in attendance at the deposition are persons who are permitted to receive the Protected Material.  Testimony given at a deposition may be designated as Protected Material by making a statement to that effect on the record.  Alternatively, within thirty (30) business days after receipt of a final transcript, the parties also may designate such transcript or any portion thereof by notifying all parties, in writing, of the specific pages and lines of the transcript which should be treated as Protected Material.  All deposition transcripts shall be treated as Protected Material until thirty (30) business days after receipt thereof by counsel for the parties and counsel for the witness.  The reporter for any deposition shall mark with the legend "CONFIDENTIAL" and/or "EXPORT-CONTROL-RESTRICTED," as applicable, pages that contain testimony designated as Protected Material during the deposition.

9. <u>Use of Protected Material at Pre-trial Hearings</u>

This Order does not govern the conditions under which Protected Material can

11

1  be used at pre-trial or trial proceedings.  In the event that a Receiving Party intends to
2  use any documents, information, or **deposition** testimony designated Protected
3  Material during a pre-trial hearing that has not otherwise been identified in a motion
4  or other filing relating to the pre-trial hearing, the parties agree that the Receiving
5  Party shall notify the Producing Party reasonably in advance of the hearing so that a
6  Producing Party can raise issues relating to the designation with the Court.  Nothing in
7  this provision, however, shall be construed as preventing a presiding judge from
8  allowing or permitting Protected Material to be disclosed at a pre-trial hearing,
9  limiting the right of a party to object to evidence offered without advance notice at a
10 pre-trial hearing, or as limiting a Designating Party's right to object to or seek a
11 separate protective order to govern use of Protected Material at a pre-trial hearing.

12       10.    <u>Inadvertent Production of Privileged Materials</u>

13       Pursuant to Fed. R. Evid. 502(d), disclosure of privileged or otherwise protected
14 information is not waived for purposes of other actions or proceedings by inadvertent
15 disclosure in this action.  In the event any document is produced that the Producing
16 Party later claims is protected by the attorney-client privilege, work product doctrine
17 or other privilege or immunity, the production shall not be deemed a waiver or
18 impairment of any claim of privilege or protection or the subject matter thereof based
19 on the fact of its production or any delay in asserting privilege.  Within five (5)
20 business days of receiving written notice, along with a log accurately describing such
21 material consistent with Fed. R. Civ. P. 26(b)(5)(A), from the Producing Party that
22 privileged or protected information was produced, the Receiving Party shall (a) return
23 all such information, and all copies thereof, to the Producing Party, reviewing such
24 information (if at all) no more than is permitted by the applicable ethical rules;
25 (b) take all reasonable steps to retrieve the information if the Receiving Party
26 disclosed it before being notified; and (c) certify that any materials prepared by the
27 Receiving Party incorporating such information, such as notes, memoranda, etc., have
28

been destroyed.  If the Receiving Party wishes to challenge the claimed privilege, work-product protection, or immunity, the Receiving Party must still comply with (a) and (b) in the preceding paragraph, except that the Receiving Party may retain any notes referencing the Confidential Information insofar as such retention is permitted by the applicable ethical rules and the notes are necessary to comply with Local Rule 37.

In the event the Receiving Party wishes to challenge the claimed privilege, work-product protection, or immunity, the parties shall comply with Local Rule 37 in resolving their dispute.  The parties agree any permissible retention of notes referencing the Confidential Information for the sole purpose of complying with Local Rule 37 shall not be grounds for arguing that the document is not privileged, work-product-protected, or otherwise immune, or that any privilege, protection or immunity was waived thereby.  During the pendency of the Local Rule 37 process, the Receiving Party shall make no other use or disclosure of the subject material or the information contained therein.  If the motion is unsuccessful, the Receiving Party shall comply with (c) in the preceding paragraph.

11. <u>Inadvertent Failure to Designate as Protected Material</u>

Inadvertent failure to designate any material or information as Protected Material pursuant to this Order shall not constitute a waiver of any otherwise valid claim for protection and may be remedied by supplemental written notice.  If such notice is given, all information so designated shall be fully subject to this Order as if it had been initially designated as Protected Material.  After any designation is made in accordance with this paragraph, arrangements shall be made for the return to the Producing Party of all copies of the inadvertently undesignated documents and for the substitution, where appropriate, of properly labeled copies.  An inadvertent failure to designate does not relieve a recipient of obligations under ITAR and EAR. Furthermore, ITAR and EAR contain additional provisions relating to the disclosure

of any actual or suspected infractions regarding "EXPORT-CONTROL-RESTRICTED" documents and things.[2] Any party aware of actual or suspected violations of ITAR and/or EAR will immediately inform, and await further instructions from, the Producing Party.

12. Purpose of Order

Nothing in this Order, nor the production of any documents or disclosure of any information pursuant to this Order, shall be deemed to have the effect of (i) an admission or waiver, including waiver under the rules of evidence, by any party or other subscriber to this Order; (ii) altering the confidentiality or nonconfidentiality of any such information; or (iii) altering any existing obligation of any party or other subscriber, or the absence of such obligation.

13. Challenges to Designation as Protected Material

If the Receiving Party disagrees with the designation by the Producing Party, then the parties shall comply with Local Rule 37 in resolving the dispute. Pending a determination by the Court, such information shall be treated by all parties as Protected Material in accordance with this Order. **The Designating Party shall bear the burden and expense of establishing the propriety of the challenged designation.**

14. Subpoenas

If Protected Material in the possession, custody, or control of any Receiving Party subject to this Order is sought by subpoena, motion, or other form of discovery request or compulsory process, the Receiving Party to whom the process or discovery request is directed, shall (i) on or before the second business day after receipt thereof, give telephonic notice and written notice by hand, facsimile, or e-mail of such process or discovery request, together with a copy thereof, to counsel for the Producing Party; (ii) cooperate to the extent necessary to permit the Producing Party to seek to quash or

---

[2] *See, e.g.*, ITAR, 22 C.F.R. § 127.12; EAR, 15 C.F.R. §§ 730-44.

1  modify such process or discovery request, consistently with Local Rules 37 and 45;
2  and (iii) not make production or disclosure of such Protected Material until the
3  Producing Party consents in writing to production or the Receiving Party is required
4  by a court order to produce such Protected Material, so long as the order is not stayed
5  prior to the date set for production or disclosure.

6      15.    <u>Disposition Upon Conclusion</u>

7      Within sixty (60) days after final termination of this Action, including all
8  appeals, all parties and experts, consultants and witnesses shall (i) return to the
9  Producing Party or, with the Producing Party's written permission, destroy all
10 originals of material produced and designated as Protected Material and all identical
11 copies, whether in whole or in part, of such documents, and (ii) destroy all copies
12 thereof, as well as all notes, memoranda or other documents that summarize, discuss
13 or quote materials produced and designated as Protected Material, except that, with
14 respect to word processing and database tapes and disks, they shall destroy or erase
15 such tapes or disks to the extent practicable.  Outside counsel for each party shall be
16 entitled to retain copies of any deposition transcripts and exhibits and any pleadings,
17 motions, memoranda, or exhibits that have been filed with the Court or admitted into
18 evidence and that contain or refer to information designated as Protected Material,
19 provided that all such documents shall remain subject to this Order.  Counsel of record
20 for the parties shall certify in writing to each Producing Party that the foregoing has
21 been complied with.

22     16.    <u>Parties' Own Information</u>

23     This Order shall not limit a Producing Party's use of its own Protected Material.
24 Such disclosures shall not affect any designation of such documents as Protected
25 Material.

26     17.    <u>Remedies</u>

27     If Protected Material is disclosed to or comes into the possession of any person
28

15

other than in a manner authorized in this Order, the party responsible for the disclosure shall immediately (1) inform those persons of this Order; and (2) inform the person who designated the material as Protected Material and the other parties already subject to this Order that are in possession of such Protected Material of all pertinent facts relating to such disclosure and shall make reasonable efforts to prevent further disclosure by each unauthorized person who received Protected Material.

This Stipulated Protective Order will be enforced under applicable law.  All other remedies available to any person injured by a violation of this Stipulated Protective Order are fully reserved.

18.   Notice

Notice under this Stipulated Protective Order shall be to the parties as follows, unless this provision is modified by the parties in writing and filed with this Court:

Notice to Raytheon shall be made to:

>   Kimberly A. Dunne
>   Sidley Austin LLP
>   555 West Fifth Street
>   Los Angeles, CA 90013
>   Tel: +1.213.896.6659
>   kdunne@sidley.com.

Notice to Relator shall be made to:

>   Allan J. Graf
>   Carlsmith Ball LLP
>   Suite 2900
>   515 South Flower Street
>   Tel: +1.213.955.1200
>   falseclaimsact@carlsmith.com.

19.   Jurisdiction

Unless prohibited by a statute, court order, or applicable rule, the parties may extend or modify deadlines under this Order by written stipulation amongst themselves or, where applicable, with third parties.

The Court retains jurisdiction to amend or modify this Order upon stipulation of the parties to this Action, motion by a party or non-party, or on its own motion.

16

[PROPOSED] STIPULATED PROTECTIVE ORDER

20. Right to Assert Other Objections

By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

21. Right to Further Relief

Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

22. Order to Remain in Force

This Order shall survive and remain in full force and effect after termination of this Action.

**IT IS SO ORDERED**

Dated: August 18, 2016

*/s/ Karen L. Stevenson*
KAREN L. STEVENSON
UNITED STATES MAGISTRATE JUDGE

EXHIBIT A

I, _____, declare that:

1. My current address is _____.

    My current employer is _____.

    My current occupation is _____.

2. I have read and understand the Protective Order that has been entered in <u>United States of America ex rel. Steven Mateski v. Raytheon Company</u>, Case No. CV 06-3614 (ODW) (FMOx).

3. I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any information disclosed to me that has been designated as "Protected Material" under the terms of the Protective Order.

4. Promptly upon termination of this action, at the latest, I will return all documents and things designated as Protected Material that came into my possession, and all documents and things that I have prepared relating thereto, to the party from which I received it.

5. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

6. I understand that the Arms Export Control Act, ITAR, and EAR also impose criminal and civil penalties for violations of their provisions, such as the unlicensed export, disclosure, or transfer of technical data to a foreign person.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: _____

_____    _____
     (SIGN NAME)                                                          (PRINT NAME

[PROPOSED] STIPULATED PROTECTIVE ORDER